WARREN,
July, 1832.

ROE and
Others
v.
DOE, ex dem.
NEAL.

IN WARREN SUPERIOR COURT, APRIL TERM, 1832.

RICHARD ROE and KENCHEN HARRISON, Tenant in possession, and JOHN KICHENS, Security Appellant *vs.* JOHN DOE *ex dem.* THOMAS NEAL, Respondent.

## *Ejectment.*

Though it is for the benefit of society that claims to property levied on, should be interposed and settled before the same is subjected to sale by the sheriff, yet the law regulating claims is merely permissive, not mandatory.
See Irwin *v.* Morell, ante, 72.

In cases of claim to land, the courts have always required proof of the possession of the defendant in execution at the date of the judgment, or subsequent to it, and though possession is the weakest evidence of title, it is held sufficient to put the claimant to the production of his title.

Upon proof that the clerk of the court of Ordinary had been ordered by that court never to permit an original paper to be taken out of his office, a certified copy was allowed in evidence; and the court said there was no law requiring the copy to be under *seal.*
See *acts* of 1830, Pamph. p. 121.

The recording or not recording a deed concerns no one, except

THIS action was brought upon a sheriff's title for five hundred acres of land, more or less. The land was levied upon, and sold as the property of Crassus Few. Neal proved that Harrison lived upon the tract of land generally known to be the property of the defendant in execution. He also proved that the guardian of Crassus Few had rented out part of the tract, but not any part of the land in possession of Harrison, who had been in possession for more than six years. The plaintiff here notified the defendant that he had closed his evidence. Defendant then moved for a nonsuit, on the ground that plaintiff had not made out such a case as to entitle him to recover. Plaintiff's counsel contended that the production of sheriff's title, and proving that the deed covered the land whereon defendant lived, was sufficient to warrant a recovery. That as defendant had failed to put in a claim to the land, when he lived upon it, the law presumed he claimed under the defendant in execution. The law required the sheriff to notify the tenant in possession, whenever he levied upon land, and the presumption of law was that the notice had been given. That the practice in this State ought to be different from that of other States, because the laws of this State required persons having title to property levied upon to claim it, and have their title to it settled by the decision of the court. That the interest of the community required that his claim should be put in: That when a claim was not interposed, the presumption of law was, that the person in possession held under the defendant in execution. That to decide against this presumption was to decide against the interest of the community in favor of the individual who was in possession at the time of the levy. That his title, if a good one, would not be defeated by deciding in favor of the presumption contended for; because his failure to put in his claim did not defeat his title. In the present case, if he was able to produce a legal title, he would prevail.

THE COURT. The law regulating claims is permissive and not mandatory. It is however admitted, that it is for the benefit of the community, that claims to property levied upon should be made; because in that event, purchasers at sheriffs' sales would be safe in their title; that it would be for the benefit of society that all conflicting claims to property should be settled before sale by the sheriff. It is true that the law

does not require a person having title to property levied upon to interpose his claim. That the interposition of a claim certainly subjects the claimant to the expense and vexation of a lawsuit, whereas the failure to claim might eventually exempt him from that expense and vexation, still it was for the interest of the community that the claim should be interposed. The practice of the Superior Courts however has been always to require the proof of the possession of the defendant at the date of the judgment or subsequent to it. That possession is the weakest evidence of title, but *that proof* had always been considered sufficient to put the defendant on the production of his title.

The plaintiff might in this case prove that defendant was in possession under the defendant in execution or might produce the title of the defendant in execution.

Defendant's counsel objected, that plaintiff, having notified defendant that he had closed his case, could not produce any further evidence.

The court suggested that it was for the interest of both parties that all evidence applicable to the case should be produced, as it was a case in the last resort—that if the evidence was rejected, it would produce another action of ejectment. This suggestion being acquiesced in, the plaintiff produced the copy of a grant from the State to Ignatius Few, for 925 acres, and the copy of the will of the grantee, by which he bequeathed the said land to Crassus Few, defendant in execution. The will further disclosed the fact that the land was in possession of one Davidson, and that suit was about to be commenced against him. When the copy of the will was produced, defendant's counsel objected that the original only was evidence. Plaintiff proved that he had applied to the clerk of the court of ordinary, when the will was on file, and the clerk refused to deliver the original, saying that the court had directed him not to permit any will on file to be taken out of his office. The court decided that the copy might then be read in evidence. Counsel further objected that the certified copy produced was not under the seal of the court of ordinary, nor was there any certificate that there was no seal of office. The court decided that the provisions of the act of congress, directing how the records of the courts of one State to another should be certified, did not govern this case, which embraces a certificate from the clerk of the court of ordinary of the county of Columbia, in this State. That there was no law of this State requiring the seal to the clerk's attestation ;(1) the certificate was, therefore, admissible evidence in the case. The plaintiff then closed his case.

The defendant derived title from Baxter Jordan, the grantee of 200 acres. In deducing title, a deed was produced,

WARREN,
July, 1832.

ROE and
Others
*v.*
DOE, *ex dem.*
NEAL.

those who derive title from the same feoffor by a deed of subsequent date.

Deeds more than 30 years old need not be proved when possession accompanied the deed from its execution, and that the act of 1785 did not innovate upon the English law respecting ancient deeds.
Gilb. Law of Evidence, 94.

Hearsay evidence is not admissible to prove age.
See 3 Term Reports, 707, where hearsay evidence is fully discussed.

(1) See acts of 1830, Pamph. p. 121.

22

WARREN,
July, 1832.

ROE and
Others
*v.*
DOE, *ex dem.*
NEAL.

dated 1793, and it was proved that possession had followed the execution of the deed. The deed had not been recorded. The plaintiff's counsel required that the execution of the deed be proved according to the act of 1785. The court inquired if the plaintiff derived title from the feoffor. The reply was that he did not, but that he derived title from another grantee. The court decided that the deed not being recorded, concerns no person except those who derived title from the same feoffor, by a deed of subsequent date to that produced by defendant. The court also decided that deeds more than thirty years old need not be proved, where possession accompanied the deed from its execution, and that the act of 1785 did not innovate upon the British law respecting ancient deeds. The defendant here closed his defence.

The plaintiff offered, as rebutting evidence, the answer of Thomas White, (executor of Ignatius Few, to prove the age of Crassus Few,) who swore that he knew nothing of his age except from information, and that he believed from that information, he was about 22 years old when he died. This evidence was objected to by defendant's counsel, as hearsay evidence; and that hearsay evidence in this case was inadmissible. The objection was sustained by the court, and the evidence repelled.

The case was then submitted to the special jury, who found for the defendant.